UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIL' MAN IN THE BOAT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AUK TA SHAA DISCOVERY, LLC,<br><br>    Defendant. | Case No. 16-cv-01471-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: ECF No. 11 |

Defendant Auk Ta Shaa Discovery, LLC's has moved to dismiss the complaint in this breach of contract action. ECF No. 11. Auk Ta Shaa moves to dismiss on several grounds, including failure of the parties to agree on the terms of the contract; violation of the statute of frauds; violation of the parol evidence rule; lack of damages; and lack of personal jurisdiction. Because the Court concludes that it lacks personal jurisdiction over Defendant, it will grant the motion on that ground alone without reaching Defendant's other arguments.

## I.   BACKGROUND

On February 16, 2016, Plaintiff Lil' Man in the Boat, Inc. filed this action against Defendant Auk Ta Shaa Discovery, LLC in the San Francisco Superior Court, alleging breach of contract. ECF No. 1-1 at 6. In its form complaint, Plaintiff alleges that it accepted a counter offer submitted by Defendant on December 31, 2015 for the sale of the vessel "Queen of Seattle," USCG #667926, for the sum of $12,500. Id. at 7. Plaintiff claims that Defendant has refused to deliver the vessel to Plaintiff and has promised to sell it to another company in violation of the parties' agreement. Id.

On March 24, 2016, Defendant removed the case to federal court. ECF No. 1. On April 14, 2016, Defendant filed a motion to dismiss the Complaint under Rules 12(b)(2) and 12(b)(6) of

the Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), ECF No. 11, which motion the Court now considers.

## II.   LEGAL STANDARD

When a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction is proper. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Absent an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction. Id. Uncontroverted allegations in the plaintiff's complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id. (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Schwarzenegger, 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Id. at 800–01. The relevant question, therefore, is whether non-resident Defendant Auk Ta Shaa Discovery has "at least 'minimum contacts' with [California] such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Id. at 801 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: "general or all-purpose" and "specific or case-linked." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011). General jurisdiction permits jurisdiction over a defendant even when the claims at issue do not arise from or relate to activity in that forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15 (1985). A court may assert general personal jurisdiction over defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear, 131 S.Ct. at 2851 (quoting Int'l Shoe, 326 U.S. at 317).

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum

State and is therefore subject to the State's regulation." Goodyear, 131 S. Ct. at 2851 (internal quotation marks omitted). The Ninth Circuit has established a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test." Id. If the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id.

### III. ANALYSIS

The first prong of the Ninth Circuit's test for specific personal jurisdiction[1] asks whether Defendant "purposefully direct[ed]" its activities at the forum or "purposefully avail[ed]" itself of the privilege of conducting activities in the forum. Schwarzenegger, 374 F.3d at 802. Although the terms "purposeful availment" and "purposeful direction" are sometimes used interchangeably, they represent two distinct concepts. Id. A "purposeful availment" analysis is used most frequently in contract cases. Id.; Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015). Thus, the Court must first determine whether Defendant purposefully availed itself of the privilege of conducting business in California. "In determining whether such contacts exist, [courts] consider 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" Picot, 780 F.3d at 1212 (quoting Burger King, 471 U.S. at 479).

Defendant argues that Plaintiff has not met its burden of establishing purposeful availment because Defendant's "only arguable connection to California is the fact that Plaintiff resides in

---

[1] Plaintiff does not argue that general jurisdiction exists. ECF No. 18 at 15–17.

3

1   California." ECF No. 11 at 21. According to Defendant, to the extent any transaction occurred
2   between Plaintiff and Defendant, "it concerned the *Queen of Seattle*, a steam powered paddle
3   wheel boat located in Lake Union near Seattle, Washington." Meier Decl., ECF No. 13 ¶ 6.
4   Defendant further claims that "[t]he alleged transaction was negotiated entirely through a third-
5   party broker located in the State of Florida." Id. Indeed, as Plaintiff's own declaration asserts,
6   Plaintiff first became aware of the *Queen of Seattle* when it "came across an internet
7   advertisement" for the boat, which was posted by Defendant's Florida-based broker. Murray
8   Decl., ECF No. 19 ¶ 14.

9   Plaintiff responds that purposeful availment is shown here because Defendant had
10  "repeated contacts with [Plaintiff] in the state of California through advertisement, dozens of
11  phone calls, dozens of emails, [and] numerous text messages, culminating in the transmittals of an
12  offer from California and a counter offer to California for the sale of a vessel to a California
13  company." ECF No. 18 at 16. Plaintiff also argues that it is "noteworthy" that "the vessel in
14  question was originally built in California, operated in California, and was purchased with the
15  intent to return it for use [to California]." Id.

16  The Court agrees with Defendant that Plaintiff "fails at step one of the test for specific
17  jurisdiction, as the lone transaction for the sale of one item does not establish that the Defendant[]
18  purposefully availed [itself] of the privilege of doing business in California." Boschetto, 539 F.3d
19  at 1017 (9th Cir. 2008). A "contract alone does not automatically establish minimum contacts in
20  the plaintiff's home forum." Id. (citing Burger King, 471 U.S. at 475). Instead, specific personal
21  jurisdiction requires "actions by the defendant *himself* that create a substantial connection with the
22  forum State." Burger King, 471 U.S. at 475 (internal quotation marks omitted) (emphasis in
23  original). Accordingly, the fact that Plaintiff resides in California, that the boat was originally
24  built in California, and that the boat was originally operated in California by someone other than
25  Defendant does not factor into the Court's analysis.

26  Similarly, Plaintiff's unstated intent to return the vessel to California is irrelevant because
27  the focus of the Court's inquiry is on "actions by the defendant *himself*." Id. (emphasis in
28  original). Indeed, the Complaint states that the purported contract contemplated Plaintiff taking

1   possession of the *Queen of Seattle* "on Lake Union, Washington." ECF No. 1-1 at 7. The Court
2   thus concludes that the purported contract envisioned performance in Washington, not California.
3   Whatever Plaintiff planned on doing with the boat after purchasing it from Defendant in
4   Washington cannot confer on this Court personal jurisdiction over Defendant. See Picot, 780 F.3d
5   at 1213 ("[T]he fact that a contract envisions one party discharging his obligations in the forum
6   state cannot, standing alone, justify the exercise of jurisdiction over another party to the
7   contract.").

8         Finally, even assuming that the actions of Defendant's Florida-based broker in negotiating
9   the alleged contract with Plaintiff are attributable to Defendant, see Martensen v. Koch, 942 F.
10  Supp. 2d 983, 993 (N.D. Cal. 2013) (stating that "for purposes of personal jurisdiction, the actions
11  of an agent are attributable to the principal"), such contacts are not sufficient to show purposeful
12  availment here. See Boschetto, 539 F.3d at 1019 ("[A] one-time contract for the sale of a good
13  that involved the forum state only because that is where the purchaser happened to reside, but
14  otherwise created no 'substantial connection' or ongoing obligations there" does not satisfy the
15  "purposeful availment" prong); Shisler v. Sanfer Sports Cars, Inc., 146 Cal. App. 4th 1254, 1261
16  (2006) (finding no purposeful availment where "there were an unknown number of
17  communications between the parties" but there was "no evidence [of] anything other than a one-
18  time transaction."). As in Boschetto, the alleged contract would not have "create[d] any ongoing
19  obligations with [Plaintiff] in California; once the [boat] was sold the parties were to go their
20  separate ways." Boschetto, 539 F.3d at 1017. Neither the Complaint nor Plaintiff's declaration in
21  support of its Opposition "point to any continuing commitments assumed by the Defendant[]
22  under the contract." Id. Nor would "performance of the contract require the Defendant[] to
23  engage in any substantial business in California," for, as noted previously, the purported contract
24  called for Plaintiff to take possession of the *Queen of Seattle* in Washington. Id.[2]

---

[2] The principal case relied on by Plaintiff, Bancroft & Masters, Inc. v. Augusta Nat. Inc., is distinguishable because that case involved a defendant who "expressly aimed" its conduct at the plaintiff in the forum state by sending a cease-and-desist letter to the plaintiff demanding that the plaintiff stop using its website and "transfer it immediately" to the defendant. 223 F.3d 1082, 1085, 1088 (9th Cir. 2000) ("The presence of *individualized targeting* is what separates these

Ultimately, the Court concludes that it lacks personal jurisdiction over Defendant because Plaintiff has not satisfied its burden of showing that Defendant purposefully availed itself of the privilege of conducting activities in California.

**CONCLUSION**

The Court grants Defendant's motion to dismiss for lack of personal jurisdiction. "An order granting such a motion must be accompanied by leave to amend unless amendment would be futile." Knevelbaard Dairies v. Kraft Foods, Inc., 232 F.3d 979, 983 (9th Cir. 2000) (citing Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000)).  Because it is not clear that the Complaint cannot be amended to add facts establishing personal jurisdiction over the Defendant, the Court grants Plaintiff's request for leave to amend.

IT IS SO ORDERED.

Dated: July 31, 2016

_____
JON S. TIGAR
United States District Judge

---

cases from others in which we have found the effects test unsatisfied.") (emphasis added).  By contrast, here, Defendant admits that it became aware of the *Queen of Seattle* when it "came across an internet advertisement" for the boat, which was posted by Defendant's Florida-based broker.  Murray Decl., ECF No. 19 ¶ 14.  Defendant does not argue that Plaintiff did anything to "expressly aim" its conduct at California besides "trying to sell a vessel in California."  ECF No. 18 at 16.  However, this assertion is controverted by the Complaint itself, which states that the purported contract contemplated Plaintiff taking possession of the *Queen of Seattle* "on Lake Union, Washington."  ECF No. 1-1 at 7.  Accordingly, the Court concludes that Bancroft & Masters is inapposite.