UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIL' MAN IN THE BOAT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AUK TA SHAA DISCOVERY, LLC,<br><br>Defendant. | Case No. 16-cv-01471-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: ECF No. 36 |

Defendant Auk Ta Shaa Discovery, LLC moves to dismiss the First Amended Complaint in this breach of contract action on several grounds. ECF No. 36. These include lack of personal jurisdiction, lack of an enforceable contract, violation of the statute of frauds, lack of an implied contract, and lack of damages. Id. at 6-7. Because the Court concludes that it lacks personal jurisdiction over Defendant, it grants the motion on that ground alone without reaching Defendant's other arguments.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff Lil' Man In The Boat alleges that on or before July 2015, Defendant Auk Ta Shaa Discovery, LLC, an Alaska-based company, retained a broker to assist in the sale of its vessel, "The Queen of Seattle." ECF No. 33 ¶¶ 2, 11. In late July, Plaintiff responded to an internet advertisement for the vessel. Id. ¶ 20(a)-(b). Subsequently, Plaintiff asserts, Defendant or its broker engaged in phone calls, emails, and text messages with Plaintiff regarding the sale of the vessel. Id. ¶ 20(c)-(rrrr). Then on December 17, 2015, "pursuant to the ongoing negotiations," Plaintiff "emailed a written offer to purchase the 'Queen of Seattle' for $10,000." Id. ¶ 20(bbbb). On December 31, 2015, Defendant allegedly "shipped via email [Defendant's] counter offer" for

1    $12,500.  Id. ¶ 20(kkkk).  "[I]n the acceptance of the counter offer," Plaintiff "signed" it and made
2    a deposit of $1,250.  Id. ¶ 20(qqqq).  However, when Plaintiff in January of 2016 "wrote . . .
3    demanding specific performance of the contract," he alleges the "demand was not responded to"
4    and the broker "indicat[ed] that Lil' Man In The Boat would not get the boat."  Id. ¶¶ 20(uuuu),
5    58.

### B. Procedural History

On February 16, 2016, Plaintiff filed this breach of contract action against Defendant in San Francisco Superior Court.  ECF No. 1-1 at 5-7.  Defendant then removed the case to federal court on March 24, 2016.  ECF No. 1.  On April 14, 2016, Defendant moved to dismiss the complaint for lack of personal jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectively.  ECF No. 11.  The Court granted Defendant's motion on July 31, 2016 on the personal jurisdiction ground.  ECF No. 32.  Plaintiff filed its First Amended Complaint ("FAC") on September 6, 2016.  ECF No. 33.  On September 23, 2016, Defendant moved to dismiss the FAC for lack of personal jurisdiction and failure to state a claim, ECF No. 36, which motion the Court now considers.

## II. LEGAL STANDARD

"In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper."  Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).  Absent an evidentiary hearing, the plaintiff need only make a "prima facie showing" of personal jurisdiction.  Id. (quoting Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)).  "Uncontroverted allegations in the plaintiff's complaint must be taken as true."  Id.  Where there are "[c]onflicts between the parties over statements contained in affidavits," they "must be resolved in the plaintiff's favor."  Id. (internal quotation marks omitted) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."  Id.  Because "California's long-arm statute is co-extensive with federal standards, . . . a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process."  Id. (citing Panavision Int'l L.P. v. Toppen, 141 F.3d 1316, 1320 (9th

Cir. 1998)). The relevant question, therefore, is whether nonresident Defendant Auk Ta Shaa Discovery, LLC has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" See id. at 1015-16 (quoting Schwarzenegger, 374 F.3d at 801)).

There are two types of personal jurisdiction: "general or all-purpose" and "specific or case-linked." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984)). When a defendant's affiliations with the forum state are so "continuous and systematic" as to render the defendant "at home" in the state, a court may assert general jurisdiction to "hear any and all claims" against that defendant. Id.

"Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. (internal quotation marks omitted). In contrast to general jurisdiction, specific jurisdiction is also "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (internal quotation marks omitted). The Ninth Circuit has established a "three-prong test for analyzing a claim of specific personal jurisdiction:"

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden of satisfying the first two prongs of the test." Id. (citing Sher, 911 F.2d at 1361)). If the plaintiff succeeds in doing so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

### III. ANALYSIS

The first prong of the Ninth Circuit's test for specific personal jurisdiction[1] asks whether the defendant "purposefully direct[ed]" its activities at the forum or "purposefully avail[ed]" itself of the privilege of conducting activities in the forum. Id. Purposeful direction and availment are "two distinct concepts," and the "purposeful availment analysis is most often used in suits sounding in contract." Id. "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Boschetto, 539 F.3d at 1016 (quoting Sher, 911 F.2d at 1362)). A "contract alone does not automatically establish minimum contacts in the plaintiff's home forum" to support personal jurisdiction. Id. at 1017. "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing," must be considered "in determining whether the defendant purposefully established minimum contacts within the forum." Burger King, 471 U.S. at 479.

In Boschetto, the court concluded that the "sale of one automobile via the eBay website, without more, does not provide sufficient 'minimum contacts' to establish jurisdiction over a nonresident defendant in the forum state." 539 F.3d at 1020. The plaintiff bought a car from the Wisconsin-based defendant after seeing an online advertisement on eBay and then, after noticing defects with his purchase, filed a complaint with the Northern District of California for breach of contract. Id. at 1014-15. The district court dismissed for lack of personal jurisdiction over the defendant. Id. at 1015. On appeal, the court affirmed, reasoning that the plaintiff "fails at step one of the test for specific jurisdiction, as the lone transaction for the sale of one item does not establish that the Defendants purposefully availed themselves of the privilege of doing business in California." Id. at 1017. The seller did not create any "ongoing obligations" or "continuing commitments" with the plaintiff, as the parties were to go their "separate ways" after the sale. Id. As such, the court concluded, this "one-shot affair" could not support personal jurisdiction. Id. (internal quotation marks omitted).

---

[1] Plaintiff does not argue that general jurisdiction exists. See ECF No. 38 at 12-14.

Similarly in Shisler v. Sanfer Sports Cars, Inc., the court dismissed the plaintiff's argument that the "defendant's use of fax, telephone, United States mail, e-mail and its 'interactive' Web site to communicate with plaintiff and negotiate the sale of [a] vehicle is sufficient to establish the first prong of the test for specific jurisdiction." 146 Cal. App. 4th 1254, 1260-61 (2006).  In so concluding, the court reasoned that despite the communications, there was "no evidence that this was anything other than a one-time transaction." Id. at 1261.  Furthermore, the "defendant's maintenance of the Web site alone is insufficient to establish personal jurisdiction." Id.  The site "merely advertised" the defendant's vehicles," and there was "no evidence that files were exchanged via the Web site." Id.  There also was no evidence the site "specifically targeted California residents," as it was "accessible to anyone in the world with access to the Internet" and the defendant "shipped vehicles 'worldwide.'" Id. at 1257, 1261.  Therefore, "the evidence d[id] not establish the 'purposeful availment' prong of the test for specific jurisdiction." Id. at 1262.

In the previous order granting Defendant's motion to dismiss for lack of personal jurisdiction, the Court noted that Plaintiff "fails at step one of the test for specific jurisdiction" because "the lone transaction for the sale of one item does not establish that the Defendant[] purposefully availed [itself] of the privilege of doing business in California." ECF No. 32 at 4 (internal quotation marks omitted) (quoting Boschetto, 539 F.3d at 1017).  The Court concludes that Plaintiff still fails to meet the first prong with its FAC.  Plaintiff alleges only the sale of one item, here the vessel "Queen of Seattle." ECF No. 33 ¶ 18.  Additionally, Plaintiff points to no "ongoing obligations" or "continuing commitments" in California assumed by Defendant as a consequence of the alleged sale that would support a finding of purposeful availment. See Boschetto, 539 F.3d at 1017.

Instead, Plaintiff points to the quantity of communications to attempt to establish that Defendant made sufficient contacts with California.  ECF No. 38 ("Defendant's negotiations, phone calls, and emails were substantial and constitute sufficient contacts . . . ."); see also ECF No. 33 ¶ 20(c)-(rrrr) (listing the numerous emails, phone calls, and text messages between Plaintiff and Defendant).  The Court concludes that these acts are insufficient to support a finding of purposeful availment because Shisler has established that regardless of the quantity of

5

communications, the purposeful availment prong is not met when there is no evidence of anything other than a one-time transaction.  See 146 Cal. App. 4th at 1261 (finding the "defendant's use of fax, telephone, United States mail, e-mail and its 'interactive' Web site" insufficient).  Plaintiff cites to Peterson v. Highland Music, Inc. to argue for "finding specific jurisdiction where defendant conducted negotiations via telephone and letters with California company [sic]."  ECF No. 38 at 13; see 140 F.3d 1313, 1320 (9th Cir. 1998).  The Court concludes that Peterson is distinguishable, as the defendants in Peterson engaged in multiple license agreements with different California companies, whereas here Defendant was involved in only one purported sale.  See 140 F.3d at 1320.  Defendant's negotiations via telephone and letters thus are insufficient to support purposeful availment.

Plaintiff also argues that Defendant is subject to specific jurisdiction because "Defendant marketed its vessel to California residents by engaging brokers licensed in California and advertising it on the internet, which constitutes purposeful availment of the privilege of conducting business in California."  ECF No. 38 at 14.  This argument fails in light of Shisler.  There, the court held that the purposeful availment prong is not met when the defendant "merely advertised" items online without exchanging files or conducting business through its website and when there was no evidence that the defendant specifically targeted California residents.  Shisler, 146 Cal. App. 4th at 1257, 1261.  Similarly here, even assuming that the actions of Defendant's broker are attributable to Defendant,[2] Plaintiff does not allege that Defendant or its broker conducted business through the website on which the vessel was advertised.  After the broker "listed for sale . . . on the internet an advertisement" and Plaintiff "emailed on the form provided over the internet . . . a request for more information," negotiations for the alleged sale were conducted through text messages, phone calls, and emails—all separate from the website advertising the vessel.  ECF No. 33 ¶ 20(a)-(rrrr).  Plaintiff also does not allege anything about the website that specifically targeted California residents.  Furthermore, Plaintiff relies on Allstar Marketing Group, LLC v. Your Store Online, LLC to assert that "solicit[ing] business from

---

[2] See Martensen v. Koch, 942 F. Supp. 2d 983, 993 (N.D. Cal. 2013) ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal.").

California customers over the internet subjects [defendants] to specific jurisdiction in the state." ECF No. 38 at 14; see 666 F. Supp. 2d 1109, 1122 (C.D. Cal. 2009). The Court finds this reliance misplaced. Allstar held that the defendants purposefully availed themselves of the benefits of doing business in California because they operated a website "through which regular sales of allegedly infringing products are made" to California residents and because of "more traditional contacts," including maintaining a warehouse and customer service center in California. Id. at 1122. Neither sales made through a website operated by Defendant nor traditional contacts with California are found here, and Allstar is not on-point.

Additionally, Plaintiff's argument that Defendant engaged a broker licensed in California in order "to solicit business from California customers," thus constituting purposeful availment, is undercut by Plaintiff's allegations in the FAC. See ECF No. 38 at 5, 14. Plaintiff alleges that when it contacted the broker about the vessel, the broker provided the requested information "*after* he confirmed that his license would permit him to act as a yacht broker on [sic] California." ECF No. 33 ¶ 20(g) (emphasis added). This does not support the assertion that the broker was engaged to solicit business from California residents. Additionally, the Court concludes that the broker's actions do not constitute "solicit[ing] business" sufficient for a finding of purposeful availment. A defendant "directly solicit[ing] business in the forum state . . . will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986). Visiting the plaintiff in the forum state or shipping samples to the state constitutes the solicitation of business. Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1329, 1331 (9th Cir. 1984) (visiting plaintiff); Taubler v. Giraud, 655 F.2d 991, 994 (9th Cir. 1981) (shipping wine samples). But here, the broker merely wrote to, sent text messages to, and called Plaintiff, and these actions are insufficient. See Applied Underwriters, Inc. v. Combined Mgmt., Inc., 371 Fed. Appx. 834, 835 (9th Cir. 2010) (finding that the initial contact with the plaintiff made by the defendant's broker through email and the subsequent negotiations via telephone and mail were "insufficient on their own to establish purposeful availment").

Finally, Plaintiff relies on Luberski, Inc. v. Oleficio F.LLI Amato S.R.L. to note that an

7

"understanding that the goods were only useful to plaintiff if they were delivered to California" was relevant to a finding of purposeful availment. ECF No. 38 at 13; see 171 Cal. App. 4th 409, 419 (2009). The Court once again finds Plaintiff's reliance misplaced. In Luberski, the defendant also "maintained responsibility for the goods until they arrived in California," and thus this "expectation" that the goods would be used in California supported a finding of purposeful availment. 171 Cal. App. 4th at 419. The Court has already concluded in its previous order that "the purported contract envisioned performance [Plaintiff taking possession of the vessel] in Washington, not California." ECF No. 32 at 5. Because of this factual distinction, the reasoning of Luberski is not applicable here.

Ultimately, the Court concludes that it lacks personal jurisdiction over Defendant because Plaintiff has not satisfied its burden of showing that Defendant purposefully availed itself of the privilege of conducting activities in California.

## CONCLUSION

The Court grants Defendant's motion to dismiss for lack of personal jurisdiction. Because the Court has already given Plaintiff an opportunity to amend the complaint to remedy the lack of personal jurisdiction, the Court concludes that further amendment would be futile. Accordingly, the Court dismisses the FAC with prejudice.

IT IS SO ORDERED.

Dated: November 14, 2016

_____
JON S. TIGAR
United States District Judge